WALTER STOWE v. THE STATE.

No. 12094.   Delivered March 6, 1929.

The opinion states the case.

*J. D. Willis* of Waco, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, felony theft; penalty, two years in the penitentiary.

On or about the 7th day of December, prosecuting witness Denton had his Ford car stolen in the City of Waco.   He next saw the car

about two and a half or three months later, about three and a half miles out of Waco near the Speegleville road. At that time it was stripped of all of its parts. He later found the radiator and a number of other parts but refused to identify or swear to any of them except his radiator. William Hatcher, an accomplice, testified that after Christmas appellant took him out the Speegleville road to a point identified as the place where prosecuting witness' car was located. At that time and place they took the radiator, back end and a rear wheel off the car and brought them back to town. The radiator was subsequently sold by the accomplice Hatcher to one Mr. Thompson. The accomplice says the back end of this Ford car was appropriated by appellant and put on his car and the rear wheel was sold to one Mr. Blackman. Blackman saw appellant and Hatcher in possession of a radiator but it appears to have been a different radiator and at a different time from the one when the radiator from Denton's car was brought in. The facts exhibited in the record are somewhat confusing but if we comprehend them, there is an entire absence of testimony corroborating the accomplice Hatcher. No one appears to have seen appellant take the car or in possession of the car and no one except the accomplice gave testimony that he was ever near the stolen car. Three parts from the car were brought to town but of these only the radiator could be identified by its owner and the accomplice was, the seller of same and the only one seen in possession of same. To state the matter otherwise, the statement of facts is entirely lacking in any testimony which connects appellant directly with the stolen car or any of its parts, except such as came from the accomplice Hatcher. The Court properly charged the jury that Hatcher was an accomplice and gave the usual charge requiring testimony corroborative of that of the accomplice. There is some testimony given by a detective and other witnesses. Much of this is of doubtful admissibility and tends mainly to show that appellant was a thief generally but fails, we think, to legally connect him directly with the offense charged.

Because we think the evidence is insufficient to corroborate the accomplice Hatcher, the judgment of the trial court is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.